IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RACQUEL LEWIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-146-RGA |
| GREENVILLE ON 141 APARTMENTS AND TOWNHOMES – WESTOVER COMPANIES, | : |
| Defendant. | : |

Racquel Lewis, Wilmington, Delaware. Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

November 7, 2023
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Racquel Lewis appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action on February 8, 2023. (D.I. 2). Pending are two motions to seal (D.I. 5, 6) and a motion to withdraw (D.I. 7). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Plaintiff lives in a two-bedroom apartment unit in Delaware which is owned by Defendant. She previously lived in one of Defendant's units in Maryland, but she moved out based on "harassment and retaliation due to [her] engagement with protected activity in Maryland and Pennsylvania." (D.I. 2 at 9). Plaintiff does not identify the specific harassment, retaliation, or protected activity to which she refers. She alleges that in July 2022, Defendant attempted to keep rental assistance payments from the Delaware Housing and Assistance Program ("DEHAP") for her apartment unit and wrongfully attempted to have her evicted in state court. (*Id.*). She further alleges that in December 2022, Defendant refused to cooperate with DEHAP to receive rental payments and raised her rent without notice in December 2022 and January 2023. Plaintiff references "Source of Income Discrimination." (*Id.* at 10).

Plaintiff purports to bring claims under two Washington D.C. municipal laws, including the Human Rights Act of 1977 and the Fair Housing Act.

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed,

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff has failed to state a claim. It is unclear under which provisions of the Fair Housing Act she is attempting to bring her claims. She has alleged precious few factual allegations with specificity that could assist the Court in filling in that gap. Furthermore, the Washington D.C. laws upon which she relies have no relevance to this case. Plaintiff will be given leave to file an amended complaint.

Her motions to seal will be denied. There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.

1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

Plaintiff's motion to withdraw, which appears to relate to events in her state court proceedings, will be denied.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to file an amended complaint. Her pending motions will be denied.

An appropriate Order will be entered.

4